## BAKER *vs.* 4TH NEW-HAMPSHIRE TURNPIKE.

Where a highway was laid over the plaintiff's land, and damages were assessed and tendered to the plaintiff, and were refused by him, but it was agreed that the sum tendered should be deposited in a bank, so that if the plaintiff altered his mind he might receive the money there, and it was accordingly so deposited, *held*, that this was no bar to an action for said sum, but was merely an agreement where the tender might be sustained until suit should be brought, if the plaintiff so elected, leaving it incumbent on the defendants, in such case, if they wished to sustain their original tender, to reclaim their money, and bring it into court seasonably under the rules of the common law.

THIS was an action on the case, to recover the sum of one hundred dollars, for damages sustained by the plaintiff on

account of a road being laid through his land in Lebanon, by the defendants, which sum was duly assessed by the selectmen of said Lebanon, agreeably to a special act of the legislature, as the amount of such damages incurred by the plaintiff.

The defendants pleaded the general issue. On trial it was admitted that the plaintiff was entitled to recover unless the following facts shown in evidence should constitute a defence to the suit.

It was in evidence that on the 9th of September, 1833, Joseph Wood, one of the directors of the 4th N. H. turnpike, tendered to the plaintiff, in behalf of said corporation, one hundred dollars, in American half dollars, in full payment for the damages assessed for taking his land as aforesaid.

It was then mutually agreed, by said Wood and the plaintiff, that the one hundred dollars which had been tendered to said Baker, should be deposited in the bank at Lebanon, which was done ; and the plaintiff agreed, should he alter his mind and conclude to take the money, he, the plaintiff, would call at the bank for the said one hundred dollars, and would then discharge the turnpike corporation from all damages in consequence of said road going through his land.

It was farther proved that the plaintiff, prior to suing out his writ, called at the bank, and demanded the one hundred dollars, which the cashier offered to deliver to the plaintiff if he would give a receipt acknowledging that it was in full discharge for his damages on account of the road being laid through his land as aforesaid, which the plaintiff refused to do, but offered to give a receipt for $100 ; but the cashier refused to pay except on receiving a discharge as aforesaid. The plaintiff declined receiving the money on these terms, and commenced the present suit.

The court instructed the jury that these facts constituted a defence to the suit.

Verdict was taken for the defendant, and motion was made to set the same aside for the misdirection of the court.

*E. Blaisdell*, for the plaintiff.

*Bell*, for the defendants.

UPHAM, J.    In this case the only matter for consideration is the effect of the contract made as to the *deposit* of money tendered by the defendants.

The plaintiff's claim is for $100, which was the amount of the damage appraised to him for the laying out of a highway over his land ; and this sum was tendered him by the defendants on the 9th of September, 1833.    At that time an agreement was made by the parties as to the disposition of the sum tendered ; and the question arises, whether the arrangement then entered into operates as a bar to this action, or whether it was a mere agreement as to a mode of sustaining a tender, until such time as the plaintiff should elect either to receive the money, or to prosecute his claim at law.

We are of opinion it was a mode of sustaining a tender merely, until such time as the plaintiff should elect to institute his suit, or not.

This arrangement would be for the convenience of both parties.    The defendants would have a safe place of deposit for their money ; and the plaintiff, if he elected to receive the amount tendered, would find it at a place more readily accessible than it would have been, had he, under the ordinary operation of the law, been compelled to demand it of the plaintiff, in order to obtain the money, or do away the effect of the tender.

By the contract, if the plaintiff elected to receive the money he must go to the bank for it ; if he declined receiving it there, from any cause, he was then at liberty to commence a suit at such time as he saw fit.    The contract

affixed no limitation to the plaintiff's right of action. The plaintiff called for the money, but owing to some misunderstanding betwixt him and the cashier, as to the terms of the deposit, he refused to receive it with the conditions annexed to its receipt. He could have sued without calling for the money ; and it does not preclude a suit because he called, and refused to receive it on the terms prescribed. Its only effect is to show that the money was then in readiness for him.

On the suit being instituted, the arrangement as to the deposit was at an end, and the defendants were bound to sustain their tender on the principles of the common law. They, therefore, should have re-claimed their money, and preferred their tender seasonably on the entry of the action in court. This they have not done, and have lost the privilege of availing themselves of the tender made by them before suit. Tender can now only be made as during the pendency of an action, under the ordinary rule.

Under this view of the effect of the contract made betwixt the parties, the instruction of the court was wrong. The verdict for the defendants must, therefore, be set aside, and a

*New trial granted.*